*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DENNIS DALE PARRISH,

Defendant-Appellant.

UNPUBLISHED
April 2, 2020

No. 344604
Oakland Circuit Court
LC No. 2017-262216-FH

Before: GLEICHER, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

A jury convicted defendant of assault by strangulation, MCL 750.84(1)(b), felonious assault, MCL 750.82, and domestic violence, MCL 750.81(2), for assaulting his live-in partner. The court sentenced defendant as a fourth habitual offender, MCL 769.12(1)(a), to 25 to 40 years' imprisonment for the assault by strangulation conviction, 10 to 15 years' imprisonment for the felonious assault conviction, and 90 days' imprisonment, with credit for time served, for the domestic violence conviction. Defendant seeks resentencing without enhancement because the prosecution failed to file a proof of service of the habitual offender notice and there is no record indication that defendant received actual notice of the enhancement during the 21-day period following his arraignment on the information, as required by MCL 769.13(1). Defendant also challenges the accuracy of the information underlying the prosecution's claim that he qualifies as a fourth habitual offender. We remand for an evidentiary hearing to permit the trial court to make factual findings regarding both issues and to determine whether resentencing is required.

## I. BACKGROUND

On March 15, 2017, defendant waived the preliminary examination and was bound over to the circuit court. On March 21, the prosecution filed a general information, charging defendant with assault by strangulation, felonious assault, and domestic violence. The following day (March 22, 2017), the prosecution filed with the court a fourth habitual offender sentence enhancement notice. However, the prosecution failed to file proof that the notice had been served on defendant.

-1-

On March 27, 2017, defendant was arraigned on the information in open court. Under MCL 769.13(2), defendant should have been served with the prosecutor's notice of intent to enhance defendant's sentence within 21 days of the arraignment—no later than April 16, 2017. The prosecution never filed a proof of service of the notice of sentence enhancement and there is no other record indication that defendant received notice within 21 days of the arraignment.

In March 2018, the parties reached a plea agreement. At the plea hearing, the prosecution made clear that defendant had been charged as a fourth habitual offender. The prosecution agreed to dismiss the 25-year mandatory minimum sentence for being a "super habitual," instead pursuing a sentence under the guidelines for a "regular habitual fourth" offender, and defendant agreed to plead no contest to the three charges and to being a fourth habitual offender. When the court later declined to sentence defendant consistent with other provisions in the plea agreement, the court allowed defendant to withdraw his plea and proceed to trial. The court later sentenced defendant as noted above.

## II. NOTICE

Defendant now argues that he is entitled to resentencing without being subject to the fourth habitual offender enhancement because the prosecution failed to provide written proof of service as required by MCL 769.13 and MCR 6.112(F). Defendant also points out that there is no indication that the prosecution complied with the directive that defendant receive actual notice with 21 days.

MCL 769.13 provides in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10 through MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. *The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1).* The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. *The prosecuting attorney shall file a written proof of service with the clerk of the court.* [Emphasis added.]

The purpose of these notice requirements is to ensure the accused is provided "with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *People v Head*, 323 Mich App 526 543; 917 NW2d 752 (2018) (quotation marks and citation omitted). If that purpose is fulfilled in another manner, relief may not be required. "The failure to file a proof of service of the notice of intent to

enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual offender notification." *Id*. at 543-544.

While the failure to file written proof of service may be deemed harmless pursuant to *Head*, failure to provide actual notice within 21 days of the arraignment may not. The defendant in *Head* had actual notice within the required time period because the habitual offender notice was included in the felony information. Although the defendant waived his right to have the felony information read at his arraignment, the defendant never claimed that the prosecution failed to provide a copy of the information at the arraignment as required by court rule. *Id*. at 544. Only because the defendant in *Head* received actual notice within 21 days of the arraignment could the failure to file proof of service be excused.

The Supreme Court has also directed that the failure to provide actual notice is not harmless. In *People v Cobley*, 463 Mich 893; 618 NW2d 768 (2000), our Supreme Court vacated the defendant's enhanced sentence "because the prosecutor has not proven that the notice of sentence enhancement was served on defendant within 21 days after the defendant was arraigned."

The most we can ascertain on this record is that defendant received actual notice of the sentencing enhancement a full year after his arraignment. Because it is unclear whether the prosecution complied with MCL 769.13(2), we must remand for further findings in this regard.

## II. ACCURACY OF HABITUAL OFFENDER NOTICE

For the first time on appeal, defendant contends that he could not be sentenced as a fourth habitual offender because two of the three qualifying prior felony convictions arose from the same transaction. The notice of intent to seek a fourth habitual offender sentencing enhancement lists three prior convictions: assault with intent to do great bodily harm less than murder (sentencing date September 24, 2002), assault with intent to do great bodily harm less than murder (sentencing date May 2, 2001), and possession of a controlled substance less than 25 grams (sentencing date May 2, 2001).

MCL 769.12(1)(a) provides that if a person is sentenced as a fourth habitual offender subject to a "super habitual" enhanced sentence of 25 years, the prosecution must establish that the person "has been convicted of any combination of 3 or more" listed felonies or conspiracy to commit those felonies. And "[n]ot more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction. . . ." *Id*. Defendant does not deny that the prior convictions were "qualifying" felonies. Rather, he contends that the two convictions with a sentencing date of "May 2, 2001" occurred as part of the same transaction.

"The existence of the defendant's prior conviction or convictions shall be determined by the court" and "may be established by any evidence that is relevant for that purpose" including "[i]nformation contained in a presentence report" (PSIR). MCL 769.13(5)(d). Defendant's PSIR indicates that he committed an act of assault with intent to do great bodily harm less than murder on June 4, 2002, for which he was sentenced on September 24, 2002. He committed a second act of assault with intent to great bodily harm less than murder on March 18, 1997, for

-3-

which he was sentenced on September 4, 1997. He also committed an act of possession of a controlled substance on January 15, 1998, for which he was sentenced on August 12, 1998.

Defendant was discharged from probation for the second and third offenses on May 2, 2001. That discharge date may have been erroneously included in the habitual enhancement notice as the date of sentencing for the second and third offenses. Because we are remanding for an evidentiary hearing regarding notice, the court must also resolve any disputes regarding the existence, and dates, of defendant's prior convictions.

We remand to the trial court to make factual findings regarding when defendant received notice and the existence and dates of defendant's prior convictions. If the court finds that defendant did not receive actual notice within the 21-day time period, then he is entitled to resentencing without a habitual offender enhancement. If defendant received actual notice within the period, the prosecutor's failure to file a written proof of service was harmless. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Anica Letica